**Jacento ROSA and Maria F. Rosa**

v.

**John OLIVEIRA.**

No. 76–323–A.

Supreme Court of Rhode Island.

Jan. 15, 1981.

Gerard McG. DeCelles, Providence, for plaintiffs.

John Oliveira, pro se.

## OPINION

PER CURIAM.

This case comes before us in a somewhat confusing posture. In 1973 a boundary dispute between these parties was heard by a justice of the Superior Court. Judgment was entered on January 21, 1974. Defendant Oliveira appealed from said judgment, and this court denied and dismissed the appeal in *Rosa v. Oliveira*, 115 R.I. 277, 342 A.2d 601 (1975). The case was remanded for further proceedings based solely upon the apparent failure to join Mrs. Oliveira as a party to the action. No issue was left open in respect to Mr. Oliveira.

Thereafter, following our disposition on appeal, Mr. Oliveira filed two motions directed to the trial justice asking that he "dismiss judgment" that had been previously rendered. The grounds for such motions are not entirely clear, but an examination of the first motion, together with the transcript of the hearing thereof, indicates that Mr. Oliveira made vague reference to mis-

conduct by plaintiffs and error by the trial justice. The first motion was denied June 8, 1976. The defendant appealed from the denial on June 17, 1976. A second motion was filed on June 25, 1976, also requesting that judgment be dismissed on the ground that Mrs. Oliveira was an indispensable party to the case. This claim may have been based upon a misunderstanding of our opinion in *Rosa v. Oliveira, supra*. In that case we suggested in a footnote that the record titleholder to the Oliveira property was Margaret Kilduff and that she had conveyed by unrecorded deed to Mr. and Mrs. Oliveira, but that Mrs. Oliveira had not been made a party to the action. We further suggested that this omission might be rectified on remand by use of Rule 21 of the Superior Court Rules of Civil Procedure. At no time was it claimed, nor did we suggest, that Mrs. Oliveira was an indispensable party to this action. The trial justice denied the second motion on July 9, 1976, and awarded attorney's fees in the amount of $150 to counsel for plaintiffs for defending both motions. From these orders defendant Oliveira has appealed.

Still later, on October 29, 1976, Mr. Oliveira filed a motion for a special order to give him access to the stenographer's tapes of the original trial proceedings which had taken place on various dates between October 17, 1973, and December 18, 1973. On November 24, 1976, the Presiding Justice of the Superior Court denied the request for review of such stenographic tapes on the ground that the asserted errors in the transcript were irrelevant. No appeal was taken from that decision.

However, a similar motion was made to this court on December 24, 1976, seeking review of the stenographic tapes. The motion was denied on April 14, 1977. On August 25, 1977, Mr. Oliveira commenced an action in the United States District Court seeking access to the same stenographic tapes. The complaint was dismissed in the United States District Court on April 17, 1979. *Oliveira v. Rhode Island Supreme Court*, C.A. 77–0527 (D.R.I. April 17, 1979), *aff'd mem.*, 607 F.2d 993 (1st Cir. 1979).

In light of the fact that this court determined the merits of defendant's appeal in 1975, *Rosa v. Oliveira, supra*, all actions taken by defendant since that time related to matters that were no longer open to consideration by the Superior Court. The trial justice had no power to vacate a judgment which had been affirmed by this court. His award of a modest counsel fee to the plaintiffs was certainly appropriate when Mr. Oliveira sought to vacate the identical judgment a second time.

The defendant has raised no matter before us on this second round of appeal which could not have been raised and adjudicated in our initial appellate review. All issues in respect to Mr. Oliveira arising out of this boundary dispute are res judicata. The doctrine of res judicata operates as a bar to relitigation of the same claim between the same parties not only in regard to issues that were specifically determined, but also in regard to all matters which might have been litigated in the earlier dispute. *Molony & Rubien Const. Co. v. Segrella*, 118 R.I. 340, 373 A.2d 816 (1977); *Perez v. Pawtucket Redevelopment Agency*, 111 R.I. 327, 302 A.2d 785 (1973). In short, Mr. Oliveira presents to us on appeal no issues which were not precluded by the previous final judgment.

For the reasons stated, the defendant's appeals are denied and dismissed, the orders below are affirmed, and the papers in the case may be remitted to the Superior Court.

BEVILACQUA, C. J., did not participate.