James **TOOLE**

v.

**STATE of Rhode Island.**

No. 97–378–Appeal.

Supreme Court of Rhode Island.

June 16, 1998.

Richard K. Corley, Providence, for Plaintiff.

Aaron L. Weisman, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before this Court on May 11, 1998, pursuant to an order entered according to Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. James Toole (Toole) appeals from the denial of his application for postconviction relief. We conclude that a remand is proper.

Toole was indicted on several counts of child molestation on April 14, 1992. A public defender was assigned to defend Toole against the state's allegations of child molestation. In addition to being a defendant in the state's case against him, Toole was also scheduled to be a state witness against Michael Richardson (Richardson) in an unrelated case. Richardson, like Toole, was also represented by the Public Defender's office. The then-Public Defender, Richard Casparian (Casparian), informed the Superior Court that a conflict of interest existed as a result of his office's representation of both Toole and Richardson. Casparian suggested to the court that it appoint court-appointed counsel for Toole. The conflict issue was never pursued further, however, and Richardson's case was eventually disposed of by plea agreement on November 30, 1992.

Toole was convicted of five counts of child molestation on February 5, 1993. He was sentenced to five concurrent life sentences. A premature pro se application for postconviction relief and an application to appoint counsel were filed by Toole on May 28, 1993. On September 21, 1993, attorney Richard Corley (Corley) entered his appearance on behalf of Toole. His conviction was affirmed by this Court in April, 1994. *State v. Toole*, 640 A.2d 965 (R.I.1994). On March 22, 1995, Corley filed a new application for postconviction relief. That application alleged ineffec-

tive assistance of trial counsel based on the conflict of interest that had earlier concerned Casparian as well as on the failure of trial counsel to preserve objections for appeal. The state filed an answer to that application and asserted therein the defense of failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure.

Toole's second application for postconviction relief was heard by the same Superior Court trial justice who had presided at Toole's child-molestation trial. Pretrial discovery was conducted, and on October 1, 1996, Toole filed a pretrial memorandum in support of his application. The court ordered the state to file a written response, which was filed on November 27, 1996. No evidentiary hearing was conducted on Toole's application for postconviction relief.

On December 5, 1996, the Superior Court trial justice entered a memorandum and order denying postconviction relief. The trial justice concluded that the record did not support Toole's conflict of interest theory because Richardson's case was disposed of by plea agreement two months prior to Toole's conviction. The trial justice further found that trial counsel's failure to object to certain trial issues was not serious enough to deprive Toole of a fair trial. We conclude that although the trial justice was not required by the language set forth in G.L.1956 § 10–9.1–6(b) to conduct an evidentiary hearing, he was required to give Toole an opportunity to reply to his proposed dismissal.

Section 10–9.1–6(b) reads as follows:

"When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. *The applicant shall be given an opportunity to reply to the proposed dismissal.* In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise con-

tinue. Disposition on the pleadings and record is not proper if there exists a genuine issue of material fact." (Emphasis added.)

 In this case the trial justice improperly denied Toole an opportunity to reply to the court's stated intent to dismiss his application for postconviction relief. Contrary to Toole's assertions, the trial justice is not required to conduct an evidentiary hearing if, from Toole's reply, the trial justice determines that no genuine issue of material fact exists and that, therefore, no need for an evidentiary hearing exists. However, if the trial justice believes, after considering Toole's reply, that an evidentiary hearing is necessary, then he must afford Toole such a hearing.

Accordingly, for the foregoing reasons Toole's appeal is sustained, and the final judgment dismissing Toole's application for postconviction relief is vacated. The papers in this case are remanded to the Superior Court for further proceedings in which Toole should be given an opportunity to reply to the trial justice's proposed dismissal. The trial justice may then review Toole's reply in order to determine whether an evidentiary hearing is warranted.