**STATE**

v.

**Ronnie FRAZAR.**

**No. 01–18–C.A.**

Supreme Court of Rhode Island.

June 5, 2001.

Aaron Weisman, Providence.

Michael J. Gardiner, Warwick.

**O R D E R**

The defendant, Ronnie Frazar, appeals from the denial of his application for post-conviction relief. On March 5, 2001, the

---

1. G.L.1956 § 44–3–3 originally was enacted     in 1896.

defendant filed a motion for special assignment. He sought to have this matter expedited because, pending the resolution of this appeal, the United States District Court for the District of Rhode Island had continued the defendant's trial on a charge of illegal reentry after a previous deportation. This Court granted the defendant's motion for special assignment on March 30, 2001 and ordered the parties to show cause why the issues raised in this appeal should not be summarily decided. Because they have not shown such cause, we proceed to decide this appeal at this time.

The defendant's primary argument on appeal is that the hearing justice erred in summarily denying his application for post-conviction relief without giving him an opportunity to respond in accordance with this Court's decision in *Toole v. State*, 713 A.2d 1264, 1266 (R.I.1998) (mem.) (*Toole II*).[1] The defendant also contends that the summary dismissal of his application for post-conviction relief was in violation of G.L.1956 § 10–9.1–6(b). He also raises numerous issues relative to the merits of his application for post-conviction relief.

Because the hearing justice failed to indicate that he might summarily dismiss the defendant's application before he proceeded to do so, the state concedes that this case should be remanded to the Superior Court to give defendant an opportunity to reply to the trial justice's proposed dismissal in accordance with this Court's holding in *Toole II*.

We agree that the hearing justice's failure to notify defendant of the proposed dismissal of his post-conviction-relief application without a hearing constitutes reversible error. Section 10–9.1–6(b) permits dismissal of an application for post-conviction relief if the court determines that no genuine issue of material fact exists and that the applicant is therefore not entitled to relief as a matter of law. *See Palmigiano v. State*, 120 R.I. 402, 404, 387 A.2d 1382, 1384 (1978). Section 10–9.1–6(b), however, provides as follows:

"When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. *The applicant shall be given an opportunity to reply to the proposed dismissal.* In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a genuine issue of material fact." (Emphasis added.)

In *Toole II*, we vacated an order denying a petitioner's application for post-conviction relief and held that "although the trial justice was not required by the language set forth in § 10–9.1–6(b) to conduct an evidentiary hearing, he was required to give the applicant an opportunity to reply to his proposed dismissal" of his application for post-conviction relief without such a hearing. 713 A.2d at 1265. In addition, we stated that the hearing justice would not be required to conduct an evidentiary hearing if, after receiving the defendant's reply, the court determined that no genuine issue of material fact existed. *Id.* at 1266. Thereafter, the case was remanded to the Superior Court for Toole to reply to

---

1. This Court has previously referred to *State v. Toole*, 640 A.2d 965 (R.I.1994), wherein the Court affirmed the defendant's convictions, as *Toole I*. Therefore, for purposes of consisten-

cy, we will refer to *Toole v. State*, 713 A.2d 1264 (R.I.1998) as *Toole II* and *Toole v. State*, 748 A.2d 806 (R.I.2000) as *Toole III*.

the hearing justice's proposed dismissal. *Id.*

In the case at bar, there is no evidence that the defendant was "given an opportunity to reply to the [hearing justice's] proposed dismissal." Pursuant to § 10–9.1–6(b) and this Court's holding in *Toole II*, the hearing justice was required to give the defendant an opportunity to reply to the court's proposed dismissal without a hearing. It may be that upon remand, the defendant, like the applicant in *Toole III*, will not be able to articulate any genuine issues of material fact that would allow for an evidentiary hearing. Nevertheless, at the outset, the defendant must be given an opportunity to reply to the hearing justice's proposed dismissal without a hearing, to submit the proposed affidavit that he included as part of his appendix on appeal, and to argue why the court should hold such a hearing in light of the allegations in that affidavit.

Therefore, we hold that the hearing justice erred in dismissing the defendant's application for post-conviction relief without first providing him with the opportunity to reply to the court's proposed dismissal of his application without an evidentiary hearing. Given this error, we do not need to reach the underlying issues advanced by defendant in this appeal. We sustain the defendant's appeal, vacate the entry of judgment, and remand the papers in this case to the Superior Court for further proceedings consistent with this opinion. Specifically, the court's decision to dismiss the defendant's application shall be considered as a proposal to do so without an evidentiary hearing, and the defendant shall be given twenty days from the date of this order to submit any written materials in reply to the court's proposed dis-missal. Thereafter, further proceedings shall comply with § 10–9.1–6(b).