**Bernardo FIGUEROA**

v.

**STATE of Rhode Island.**

**No. 2003–231–Appeal.**

Supreme Court of Rhode Island.

May 4, 2006.

C. Daniel Schrock.

Aaron L. Weisman. Providence.

**O R D E R**

The applicant, Bernardo Figueroa (applicant or Figueroa), appeals from the denial of his application for postconviction relief by a justice of the Superior Court. On appeal, the applicant argues that the hearing justice's failure to conduct a full evidentiary hearing on the issues raised in his application constitutes reversible error. For the reasons set forth herein, we affirm the judgment of the Superior Court.

On April 15, 1996, this Court affirmed the second-degree murder conviction of Figueroa.[1] Thereafter, in November 1996, applicant sought postconviction relief in the Superior Court, alleging ineffective assistance by his trial counsel and prosecutorial misconduct. The applicant's court-appointed attorney, however, submitted a

"no-merit" memorandum to the hearing justice concluding that Figueroa's application for postconviction relief did not meet the appropriate legal standard and that no purpose would be served by further proceedings.[2] Figueroa's application for postconviction relief was dismissed without prejudice.

In January 1998, applicant again sought postconviction relief alleging ineffective assistance of counsel and prosecutorial misconduct. The applicant's newly appointed counsel also submitted a "no-merit" memorandum. On May 15, 1998, Figueroa's application was dismissed with prejudice. Figueroa appealed the dismissal to this Court and was provided with court-appointed appellate counsel. However, after discussions with counsel, applicant decided to voluntarily dismiss his appeal. On March 3, 2000, Figueroa's appeal was dismissed.

Undaunted, Figueroa filed yet another application for postconviction relief, again alleging ineffective assistance of counsel and prosecutorial misconduct. However, applicant, for the first time, also included a *Batson* challenge.[3] The state moved to dismiss Figueroa's third application, contending that G.L.1956 § 10–9.1–8 precluded applicant from raising issues that had already been raised in previous post-conviction relief applications and from asserting a new ground that previously could have been raised. The hearing justice agreed and on February 11, 2003, Figueroa's application was dismissed. This appeal ensued.

It is applicant's contention that a more thorough investigation of the issues raised in his application for postconviction relief is warranted. Specifically, applicant is seeking a full evidentiary hearing relative to his *Batson* challenge and his allegations of ineffective assistance of counsel and prosecutorial misconduct. We disagree.

The applicant's appeal clearly is governed by § 10–9.1–8 entitled "Waiver of or failure to assert claims" provides:

"All grounds for relief available to an applicant at the time he or she commences a proceeding under this chapter must be raised in his or her original, or a supplemental or amended, application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds that in the interest of justice the applicant should be permitted to assert such a ground for relief."

This Court previously has stated that § 10–9.1–8 "codifies the doctrine of res judicata as applied to petitions for postconviction relief." *Taylor v. Wall*, 821 A.2d 685, 688 (R.I.2003) (quoting *State v. DeCiantis*, 813 A.2d 986, 993 (R.I.2003)). "The doctrine of res judicata operates as an absolute bar to relitigation of the same issues between the same parties when a final judgment has been rendered." *Carillo v. Moran*, 463 A.2d 178, 182 (R.I.1983). Moreover, "[a] judgment on the merits in

---

2. This Court formalized the process of submitting a "no-merit" memorandum to the Court in *Shatney v. State*, 755 A.2d 130 (R.I. 2000). In *Shatney*, we articulated the standards that should govern appointed counsel seeking to withdraw from a postconviction relief proceeding when he or she determines that the application is meritless. *Id.* at 135.

3. In *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Supreme Court held that prosecutors may not systematically exercise preemptory challenges to exclude jurors on the basis of race.

the first case not only is conclusive with regard to the issues that were actually determined but also precludes reconsideration of all other issues that might have been raised in the prior proceeding." *Id.* (citing *Rosa v. Oliveira*, 424 A.2d 644, 645 (R.I.1981)). Consequently, we conclude that the issues raised in applicant's third application for postconviction relief are barred.

The applicant's first application for postconviction relief, that raised claims of ineffective assistance of counsel and prosecutorial misconduct, was dismissed without prejudice. The applicant then filed a second application based upon the same allegations. That case was dismissed with prejudice and Figueroa chose to voluntarily withdraw his appeal from that judgment. The judgment was a final adjudication on the merits for *res judicata* purposes. Consequently, the Superior Court was correct in rejecting applicant's third application in which he attempted to (1) relitigate the finally adjudicated issues

raised in his previous application for postconviction relief and (2) assert an additional ground that could have been, but was not, raised in his earlier application. Such actions clearly are prohibited by § 10–9.1–8.

The applicant contends that he did not properly understand the implications a dismissal of his appeal would have on his future appellate rights. However, the record reveals that the applicant deliberately and voluntarily sought to have his appeal dismissed. Furthermore, there is no suggestion that the applicant was misled or improperly influenced by his appellate counsel.

For the reasons stated herein, we affirm the judgment of the Superior Court.