## Kaven CORNERS

v.

## STATE of Rhode Island.

### No. 2003–572–Appeal.

Supreme Court of Rhode Island.

May 4, 2007.

Dena Paolino–Sarcia, Cranston.

Aaron L. Weisman, Providence.

### O R D E R

The applicant, Kaven Corners, appeals from the denial of his application for postconviction relief and seeks a remand to Superior Court so that he may be afforded "the opportunity to respond to the proposed dismissal of his [application]" in accordance with G.L.1956 § 10–9.1–6(b).[1] His application purportedly was denied in a September 23, 2003 letter from the presiding justice of the Superior Court, addressed to Mr. Corners at the Adult Correctional Institutions. Significantly, before this Court, the state concedes that Mr. Corners's "requested relief is not unreasonable," and it does not object to a remand.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After reviewing the record and considering the parties' written and oral submissions, we conclude that a remand in this case is appropriate.

We previously have held that although § 10–9.1–6(b) does not require an evidentiary hearing, it does require that an applicant be given an "opportunity to reply to the court's proposed dismissal * * *." *State v. Frazar,* 776 A.2d 1062, 1064 (R.I. 2001) (mem.); *see also Toole v. State,* 713 A.2d 1264, 1266 (R.I.1998) (mem.). Here, Mr. Corners asserts that he was never given such an opportunity, an assertion that the state does not challenge. We are satisfied that the Superior Court erred in summarily denying the application for postconviction relief without giving applicant an opportunity to respond.[2]

Accordingly, we vacate the denial of Mr. Corners's application for postconviction relief. We remand the record to Superior Court, and we direct the Superior Court to

---

1. General Laws 1956 § 10–9.1–6(b) states:
   "When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a genuine issue of material fact."

2. We also note that a docket entry on April 3, 2003, says, "CASE DISMISSED PURSUANT TO RIGL 9–8–5," which section authorizes the court annually to dismiss cases deemed inactive. G.L.1956 § 9–8–5. In our opinion, however, the general provisions of § 9–8–5 must yield to the clear mandate of § 10–9.1–6(b) that in postconviction relief proceedings "[t]he applicant shall be given an opportunity to reply to the proposed dismissal." *See Warwick Housing Authority v. McLeod,* 913 A.2d 1033, 1039 (R.I.2007) ("when a specific statute clashes with a general statute, and the two cannot be harmonized, the specific statute takes precedence").

provide Mr. Corners an opportunity to reply to the proposed dismissal.