**Angelo RAMIREZ**

v.

**STATE of Rhode Island.**

No. 2006–229–Appeal.

Supreme Court of Rhode Island.

Nov. 2, 2007.

Joseph R. Palumbo, Jr., Middletown, for Plaintiff.

Christopher R. Bush, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Justice SUTTELL, for the Court.

The applicant, Angelo Ramirez, appeals from the denial of his third application for postconviction relief, contending he was deprived of those constitutional rights that guard against ineffective assistance of counsel and multiple punishments for the same offense. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After reviewing the record and considering the memoranda and arguments of the parties, we conclude that this case may be decided without the necessity of further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

The facts that resulted in Ramirez's underlying conviction are set forth more fully in *State v. Ramirez*, 786 A.2d 368 (R.I. 2001) (*Ramirez I*). On May 17, 1996, Ramirez was involved in a high-speed car chase in pursuit of one Willie Washington. Ramirez fired gunshots at Washington's vehicle, but he missed and mistakenly shot a four-year-old girl, Mayri–Mar Colon, while she was playing on the sidewalk with her brother Christopher. As we noted in *Ramirez I*:

"At [Ramirez's] trial, the state proceeded upon a theory of transferred intent to murder. The state maintained that while the defendant intended to murder Washington, that intent was transferred to Mayri–Mar when he randomly shot her instead. In his jury instructions, the trial justice informed the jury that the theory of transferred intent also applied to the two charges of assault with a deadly weapon * * *. The jury found the defendant guilty of assaulting Mayri–Mar with intent to murder; assaulting Christopher with a

dangerous weapon; unlawfully discharging a firearm from a motor vehicle in a manner creating substantial risk of death or serious physical harm to another; and, unlawfully carrying an unlicensed firearm." *Id.* at 372.

The trial justice sentenced Ramirez to an aggregate sentence of fifty years in prison, twenty of which were suspended, with probation. *Id.* at 371.

After this Court affirmed Ramirez's conviction on direct appeal, *id.* at 375, Ramirez filed a *pro se* application for postconviction relief in Superior Court. Ramirez claimed that the trial justice erred by not providing the jury with the statements of the prosecution's key witness and that his attorney's conduct rose to the level of ineffective assistance by not asking the trial justice to provide the jury with the witnesses' testimony. Counsel was appointed to represent Ramirez, and after a hearing, the trial justice denied the application.[1] On July 6, 2005, Ramirez filed a second postconviction-relief application, which the trial justice also denied, finding that it was "without basis, and shall not now be considered."

Ramirez filed a third application for postconviction relief on May 18, 2006. This time, with the assistance of counsel, he raised claims not presented in his first postconviction-relief application.[2] Ramirez's third application included new ineffective-assistance-of-counsel claims: that his trial counsel did not adequately prepare for trial, neglected to call key wit-

nesses, failed to challenge the competency of the state's key witness, and failed to challenge Ramirez's conviction of assault with a dangerous weapon. Ramirez also argued that his double-jeopardy rights were violated because the jury convicted him of assault with intent to murder, as well as the lesser included offense of assault with a dangerous weapon. Ramirez further argued that no evidence was presented at trial to support his conviction of assaulting Christopher Colon with a dangerous weapon and that his long sentence constituted cruel and unusual punishment under the Rhode Island and United States Constitutions. On June 13, 2006, the state filed an answer and a motion to dismiss the application. Ramirez responded by filing an objection to the motion to dismiss, as well as a twenty-eight page memorandum to support his application for postconviction relief.

The trial justice denied the application by an order entered on July 14, 2006. The order said in part: "After Angelo Ramirez' two previous applications for post-conviction relief were denied * * *, he entreats this Court to consider yet a third petition. Ramirez is entitled to no such consideration at this juncture, and this Court finds that the interests of justice do not invite any such consideration." Ramirez filed a motion to vacate or reconsider the order, which was denied summarily on July 21, 2006. He then timely filed a notice of appeal.[3]

Ramirez raises two issues on appeal. First, he contends that he was unconstitu-

---

1. The Superior Court justice who presided at Ramirez's trial was the same justice who decided all three applications for postconviction relief.

2. The substance of Ramirez's second postconviction-relief application does not appear in the record.

3. Ramirez's notice of appeal indicates that he is appealing from both the order denying his

application for postconviction relief and the order denying his motion to vacate. Because he has not pressed the latter appeal in his written submissions, we deem his appeal from the July 21, 2006 order waived. *Barbato v. Paul Revere Life Insurance Co.,* 794 A.2d 470, 473 (R.I.2002) ("issues raised at trial but not briefed on appeal are deemed waived").

tionally convicted and punished twice for the same offense. Ramirez reasons that Washington was the intended victim of both the charges of assault with intent to murder and assault with a dangerous weapon. Ramirez contends that the doctrine of transferred intent properly was applied to Mayri–Mar because she was struck by a bullet, but that transferred intent cannot apply to her brother Christopher because the assault with a dangerous weapon was completed when Ramirez fired the gun at Washington, the intended victim. Ramirez's second argument on appeal focuses on his allegations of ineffective assistance of counsel, *viz.*, that his trial lawyer abandoned him until the weekend before trial, failed to present the testimony of a key defense witness, and failed to object to or move to dismiss the charge of assault with a dangerous weapon.

In denying Ramirez's third application for postconviction relief, the trial justice cited G.L.1956 § 10–9.1–8, which provides:

> "All grounds for relief available to an applicant at the time he or she commences a [postconviction review] proceeding * * * must be raised in his or her original, or a supplemental or amended, application. Any ground finally adjudicated or not so raised * * * may not be the basis for a subsequent application, unless the court finds that in the interest of justice the applicant should be permitted to assert such a ground for relief."

This Court previously has stated that § 10–9.1–8 codifies the doctrine of *res ju-*

dicata for postconviction-relief applications. *See, e.g., Miguel v. State,* 924 A.2d 3, 4–5 (R.I.2007) (mem.); *Figueroa v. State,* 897 A.2d 55, 56–57 (R.I.2006) (mem.); *Taylor v. Wall,* 821 A.2d 685, 688 (R.I.2003). Section 10–9.1–8's procedural bar means that a "judgment on the merits in the first case not only is conclusive with regard to the issues that were actually determined but also precludes reconsideration of all other issues that might have been raised in the prior proceeding." *Figueroa,* 897 A.2d at 56–57 (quoting *Carillo v. Moran,* 463 A.2d 178, 182 (R.I.1983)). Under § 10–9.1–8, parties cannot bring forth new claims in subsequent applications that could have been, but were not, raised in the first postconviction-relief application—absent an "interest of justice" showing. Section 10–9.1–8; *Miguel,* 924 A.2d at 4; *State v. DeCiantis,* 813 A.2d 986, 993 (R.I.2003).

Here, Ramirez raised claims for the first time in his third postconviction-relief application, yet he provided scant reason why such arguments could not have been raised in either his first or second application. *See DeCiantis,* 813 A.2d at 992–93; *Vorgvongsa v. State,* 785 A.2d 542, 547 (R.I.2001). We are satisfied, as was the trial justice, that § 10–9.1–8 bars consideration of his new claims.[4]

For the reasons stated herein, we affirm the judgment of the Superior Court.

---

4. Although we agree with the trial justice that G.L.1956 § 10–9.1–8 precludes consideration of Ramirez's third application for postconviction relief, we are troubled by the summary manner in which the application was denied. We previously have held that § 10–9.1–6(b) requires that an applicant be given an opportunity to reply to a court's proposed dismissal. *Corners v. State,* 922 A.2d 176, 176 (R.I.2007)

(mem.). Because we concur with the hearing justice that in this case the interests of justice do not overcome the bar of *res judicata,* however, we need not vacate and remand to provide Ramirez the opportunity to respond to the proposed dismissal, but we caution the trial bench to provide an applicant for postconviction relief with a meaningful opportunity to respond to a proposed dismissal.