Stephen MATTATALL

v.

STATE of Rhode Island.

No. 2008–83–Appeal.

Supreme Court of Rhode Island.

Feb. 26, 2009.

C. Daniel Schrock, Esq.

Christopher R. Bush, Esq.

O R D E R

The applicant appeals from the denial of his application for postconviction relief. In that application he alleged that his due process rights were violated at a parole board hearing because one of the parole board members left the room during the hearing and missed a substantial portion of the proceedings and because the board did not articulate its reasons for denying his request for parole. The Superior Court denied his postconviction relief application in a written order, explaining that the applicant was "mistaken" in asserting that the parole board did not articulate a basis for denying parole. The applicant now contends that the Superior Court erred in denying his application without first holding a hearing.

After a prebriefing conference, this case was originally assigned to the show cause calendar. By motion, the applicant has asked that the case be decided on the basis of the written materials in the record and the statements submitted by the parties without oral argument. Although the state suggests that oral argument might assist the Court, we find that the issues in this case are both narrow and discrete and the controlling law is clear. We hereby grant the applicant's motion and proceed to decide this case without oral argument or further briefing in accordance with Arti-

cle I, Rule 12A(7)(b) of the Supreme Court Rules of Appellate Procedure.

Postconviction relief is available to an applicant who challenges the decision of the parole board. *See Estrada v. Walker,* 743 A.2d 1026, 1029 (R.I.1999) (citing G.L. 1956 § 10–9.1–1(a)). The key issue in the instant case is whether the Superior Court justice erred in summarily dismissing the applicant's postconviction relief application without *providing applicant an opportunity* to reply to the proposed dismissal. This Court has previously determined that § 10–9.1–6 does not require an evidentiary hearing, but that an applicant must be provided with an "opportunity to reply to the court's proposed dismissal." *Ramirez v. State,* 933 A.2d 1110, 1112 n.4 (R.I. 2007) (citing *Corners v. State,* 922 A.2d 176, 176 (R.I.2007) (mem.)). Section 10–9.1–6(b) specifically states:

"When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a genuine issue of material fact."

The state cites *Ramirez* to suggest that the case at bar is an exceptional case in which there is no need for a remand to provide the applicant with an opportunity to respond to the proposed dismissal. *Ramirez* is distinguishable, however, because the application for postconviction relief in

that case was clearly barred by the doctrine of *res judicata*. Therefore, this Court found it unnecessary to vacate and remand the case for a hearing on the proposed dismissal. The doctrine of *res judicata* is not applicable in the case at bar. Furthermore, despite its ruling in *Ramirez*, the Court cautioned the trial bench that generally it must provide an applicant with a meaningful "opportunity to reply to a court's proposed dismissal." *Ramirez*, 933 A.2d at 1112 n. 4.

In the case at bar, regardless of the merits of his application, the applicant is entitled to an opportunity to respond to the proposed dismissal. Accordingly, we vacate the dismissal of the application for postconviction relief and remand this case so that the Superior Court may give the applicant an opportunity to reply to the Superior Court's proposed dismissal.