**James HARRIS**

v.

**STATE of Rhode Island**

**Nos. 08–259–A., 09–038–A.**

Supreme Court of Rhode Island.

June 18, 2009.

Paula Rosin, Office of Public Defender.

---

Aaron L. Weisman, Department of Attorney General.

## O R D E R

The petitioner, James Harris, appeals from the denial of his application for postconviction relief. He asserts that his request for appointment of counsel was ignored and he was denied the opportunity to be heard on this application. After a prebriefing conference, this case was referred to the full Court sitting in conference for possible disposition without further briefing or argument. We have considered the arguments made by both parties and we now proceed to decide this case in accordance with Article I, Rule 12A(7)(b) of the Supreme Court Rules of Appellate Procedure. Because we agree with the petitioner, we hereby vacate the order denying his request for relief and remand this case for further proceedings.

The key issue in the instant case is, as it was in the recent case of *Mattatall v. State*, 966 A.2d 125 (R.I.2009) (mem.) "whether the Superior Court justice erred in summarily dismissing the applicant's postconviction relief application without providing applicant an opportunity to reply to the proposed dismissal." *Id.* at 125. In the case at bar, the petitioner filed an application in which he alleged that his sentence and conviction were in violation of the United States and Rhode Island Constitutions, and that he was indigent and could not afford an attorney. He asked for an attorney and an opportunity to present a full petition for relief through that attorney.

A Superior Court justice issued a one-page order denying his petition for failure to set forth sufficient supporting facts and for being "nothing more than a formula pleading." However, this Court has said on numerous occasions that although § 10–9.1–6(b) of the General Laws does not require an evidentiary hearing, it does require that an applicant be given an opportunity to respond to the court's proposed dismissal. *See, e.g., Mattatall v. State*, 966 A.2d 125 (R.I.2009) (mem.); *Corners v. State*, 922 A.2d 176 (R.I.2007) (mem.); *O'Neil v. State*, 814 A.2d 366 (R.I.2002) (mem.); *State v. Frazar*, 776 A.2d 1062 (R.I.2001) (mem.); *Toole v. State*, 713 A.2d 1264 (R.I.1998) (per curiam). *See also Ramirez v. State*, 933 A.2d 1110, 1112 n. 4 (R.I.2007) (citing *Corners v. State*, 922 A.2d 176, 176 (R.I.2007) (mem.)); *Shatney v. State*, 755 A.2d 130 (R.I.2000) (per curiam). Moreover, this Court has pointed out that an indigent applicant for postconviction relief has the right to appointed counsel for his or her first application for postconviction relief. *O'Neil v. State*, 814 A.2d at 367 (citing § 10–9.1–5 and *Shatney v. State*, 755 A.2d at 135–36).

The state suggests that this case is distinguishable from the cases cited above because the dismissal in this case was not on the merits but was merely because of procedural flaws in the application. Therefore, according to the state, the doctrine of res judicata is not implicated, and there is nothing to prevent the petitioner from filing a new application for relief. However, this somewhat circuitous reasoning does not comport with the postconviction relief statute and ignores both the petitioner's right to counsel and his right to a meaningful opportunity to be heard.

For these reasons we vacate the dismissal of the application for postconviction relief and remand this case so that the Superior Court may give the applicant an opportunity to be represented by counsel and to reply to the Superior Court's proposed dismissal. We take this opportunity to remind the trial justice of his obligation to follow the law as set forth both in the

statutory language and prior pronouncements of this Court.