Isaac CHANDLER

v.

STATE.

No. 2009–116–Appeal.

Supreme Court of Rhode Island.

Oct. 30, 2009.

Aaron L. Weisman, Department of Attorney General.

Isaac Chandler.

**ORDER**

This is Isaac Chandler's appeal from a Superior Court ruling summarily denying his application for postconviction relief. The state, citing *Corners v. State*, 922 A.2d 176 (R.I.2007), has filed a formal concession of error in the case wherein it acknowledges that the Superior Court justice erred in denying Chandler's application without first affording him an opportunity to respond to the proposed denial. The state requests that the case be remanded to the Superior Court to provide Chandler this opportunity. Having carefully reviewed the record and the concession of error, this Court is in agreement with the state's contention.

Accordingly, for the reasons stated, the postconviction applicant Chandler's appeal is sustained, the order denying his application for postconviction relief is vacated, and the papers in the case are remanded to the Superior Court for further proceedings.

■

STATE

v.

Peter KEOGHAN.

No. 2008–5–M.P.

Supreme Court of Rhode Island.

Oct. 30, 2009.

Aaron L. Weisman, Department of Attorney General.

John T. McCaffrey, Esq., Warwick.

**ORDER**

On February 28, 2008, this Court granted the defendant Peter Keoghan's petition for a writ of certiorari to review a District Court order which sustained the state's appeal and reversed a decision of the Traffic Tribunal Appeals Panel (Appeals Panel). The Appeals Panel had affirmed a magistrate's dismissal of the petitioner Keoghan's breathalyzer refusal charge. At issue on certiorari is whether the District Court had jurisdiction to hear the state's appeal from the Appeals Panel's decision. This issue was recently decided in *State v. Robinson*, 972 A.2d 150 (R.I. 2009), where the Court held that the District Court lacks such jurisdiction. In light of *Robinson*, the state concedes that the District Court erred in this case. Upon our careful review of the certiorari petition, the state's confession of error, and our opinion in *Robinson*, we agree.

Accordingly, the petition for certiorari is granted, the order entered by the District Court in this case is quashed, and the papers are remanded to the District Court.

Justice ROBINSON did not participate.