**Kenneth LOURO**

v.

**STATE of Rhode Island.**

**No. 99–47–Appeal.**

Supreme Court of Rhode Island.

Nov. 3, 1999.

James T. McCormick, Providence, for Plaintiff.

Aaron L. Weisman, Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

**O P I N I O N**

PER CURIAM.

This matter came before the Court during a session in conference on October 14, 1999, to consider a motion filed by the plaintiff, Kenneth Louro, requesting that this Court appoint legal counsel to represent him in connection with his appeal from a Superior Court order denying and dismissing a successive application for post-conviction relief. Noting that the plaintiff had filed an earlier unsuccessful application for post-conviction relief, the Superior Court applied G.L.1956 § 10–9.1–8 (precluding subsequent applications for post-conviction relief based upon grounds that could have been raised in the original application) and ruled that the plaintiff's claim of ineffective assistance of counsel was barred because it could have been raised in his original application. The plaintiff has appealed from the dismissal order that entered pursuant to this ruling.

Because of plaintiff's claim of indigence, we referred his motion to appoint counsel to the Office of the Public Defender. *See* § 10–9.1–5 ("[a]n applicant [for post-conviction relief] who is indigent shall be entitled to be represented by the public de-

fender"). After conducting a preliminary investigation of plaintiff's appeal—including an examination of the Superior Court's file in this matter, a review of the post-conviction hearing transcript, and an analysis of the Post Conviction Remedy Act, chapter 9.1 of title 10—the Public Defender concluded that plaintiff's appeal of the Superior Court's dismissal of his second application for post-conviction relief did not possess a reasonable likelihood of success. Accordingly it declined to provide further legal representation to plaintiff in connection with his appeal.

In these circumstances we conclude that plaintiff is not entitled to have this Court appoint another attorney to represent him at the public's expense in connection with his attempted further prosecution of his appeal. Under § 10–9.1–5, "[a]n applicant who is indigent shall be entitled to be represented by the public defender. If the public defender is excused from representing the applicant because of a conflict of interest or is otherwise unable to provide representation, the court shall assign counsel to represent the applicant." Here, plaintiff is seeking to prosecute an appeal from an order dismissing a successive post-conviction-appeal application. After conducting a preliminary investigation of his appeal, the Public Defender has declined to provide further legal representation to this plaintiff because, in the Public Defender's judgment, the appeal lacks a reasonable likelihood of success. In these circumstances we are of the opinion that § 10–9.1–5's requirement that "the court shall assign counsel to represent the applicant" has not been triggered because neither one of the alternative statutory conditions precedent for assigning other counsel to represent plaintiff has been satisfied.

First, the Public Defender has not been excused from representing this plaintiff because of a conflict of interest. Second, the Public Defender is not "otherwise unable to provide representation." Rather, given its limited resources, the Public Defender's office has chosen not to do so after a preliminary investigation revealed that, in the Public Defender's judgment, plaintiff's appeal lacks a reasonable likelihood of success.

In construing § 10–9.1–5, we are of the opinion that the General Assembly did not intend that applicants for post-conviction relief would be entitled, at public expense, to have legal counsel appointed to represent them in connection with their appeals from dismissals of successive applications for post-conviction relief when the Public Defender has concluded, after conducting preliminary investigations of the merits of such appeals, that they lack a reasonable likelihood of success. In these circumstances, we hold, such applicants have been afforded all the legal representation by the Public Defender that the statute requires and they are not entitled to have other counsel at the public's expense assigned to represent their interests in further prosecuting such appeals.[1]

For these reasons we deny the plaintiff's motion to appoint counsel to represent him at the public's expense in connection with this appeal. The plaintiff is, of course, free to represent himself in connection with his appeal and shall be responsible for meeting all obligations imposed upon an applicant in prosecuting his appeal to a conclusion.

---

1. We note in passing that plaintiff enjoys no federal constitutional right to counsel in attempting to secure post-conviction relief. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539, 545 (1987) (holding that "the right to appointed counsel extends to the first appeal of right, and no further").