STATE of Rhode Island

v.

Edson TORO.

No. 01–14–C.A.

Supreme Court of Rhode Island.

Oct. 22, 2001.

Aaron L. Weisman, Providence.

Paula Rosin, Janice M. Weisfeld, Providence.

### O R D E R

The petitioner, Edson Toro, appeals from the denial of his petition for post-conviction relief. In the Superior Court, his court-appointed attorney concluded that Mr. Toro's petition lacked merit, and filed a report recommending that the petition be dismissed. A hearing justice agreed, and dismissed the petition with prejudice.

On appeal, the petitioner argues that the hearing justice failed to comply with the procedures set forth by this Court in *Shatney v. State*, 755 A.2d 130 (R.I.2000) (per curiam). Those procedures require that if a hearing justice agrees with the assessment of a petitioner's attorney that the post-conviction relief petition has no arguable merit, then the justice must conduct a hearing with the petitioner present. If the justice decides to permit the attorney to withdraw, then the petitioner must be allowed the opportunity to proceed *pro se*, or the court must appoint new counsel to proceed with the petition. *Id.* at 135, 136–37. In this case, the hearing justice failed to follow these procedures.

The State has conceded that the hearing justice failed to follow the procedures outlined in *Shatney*, and it agrees that the case should be remanded to afford the petitioner an opportunity to proceed with his post-conviction claims *pro se*. Accordingly, we sustain the appeal, and vacate the denial of the petition for post-conviction relief. This case is hereby remanded for a hearing in accordance with our dictates in *Shatney v. State*.