**Supreme Court**

No. 2012-227-Appeal.
(PM 09-2330)

Ricardo Ramirez                          :

v.                          :

State of Rhode Island.                          :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Ricardo Ramirez                  :

v.                       :

State of Rhode Island.            :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on April 2, 2014, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided.  Ricardo Ramirez (Ramirez or applicant), appeals from a Superior Court judgment denying his application for postconviction relief.  On appeal, Ramirez argues that the hearing justice erred (1) by failing to make findings of fact pursuant to this Court's holding in Shatney v. State, 755 A.2d 130 (R.I. 2000); (2) by not allowing Ramirez an opportunity to be heard on the merits of his application before allowing the appointed attorney to withdraw; and (3) by declining to consider the applicant's motion to reduce sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure.  After a thorough review of the record and consideration of the parties' arguments, we conclude that cause has not been shown and that the issues presented may be decided without further briefing or argument.  For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

- 1 -

**Facts and Travel**

On September 26, 2002, Ramirez was found guilty of first-degree murder after a jury trial.[1] He was later sentenced to a term of life imprisonment, with an additional twenty-five years to serve consecutively, pursuant to the habitual offender statute, G.L. 1956 § 12-19-21. Ramirez appealed his conviction, and in December 2007, this Court affirmed the judgment. State v. Ramirez, 936 A.2d 1254, 1257 (R.I. 2007).

On April 23, 2009, Ramirez filed a pro se application for postconviction relief in the Superior Court, pursuant to G.L. 1956 § 10-9.1-1, in which he claimed to have received ineffective assistance of counsel at the trial on the underlying murder charge.[2] Contemporaneous with the application for postconviction relief, Ramirez also filed a motion to appoint counsel; this motion initially was denied. However, on February 25, 2010, counsel was appointed for the limited purpose of investigating Ramirez's postconviction-relief claims, in light of this Court's holding in Shatney. Counsel later filed with the Superior Court a "Report to the Court of Counsel's Investigation of Post Conviction Claims of Petitioner" (Shatney report).

On May 24, 2010, a hearing was held before the Superior Court justice who had presided at applicant's criminal trial. At this hearing, counsel referenced the contents of the Shatney report, and stated:

> "Your Honor, I have reviewed the entire record and
> encouraged Mr. Ramirez's input to my report, and I go into
> significant detail about his counsel's effectiveness. I list numerous

---

[1] The facts of this case were previously detailed in our opinion affirming Ramirez's conviction, State v. Ramirez, 936 A.2d 1254 (R.I. 2007). It is therefore unnecessary for us to repeat them here.

[2] Specifically, Ramirez asserted that his trial counsel was ineffective in failing to ask for an evidentiary hearing regarding the availability of a witness and in failing to ask the state to grant immunity to a witness. Ramirez also contended that a witness for the state had since provided Ramirez with a sworn statement recanting his prior testimony.

things that his counsel did for him. I looked into the theories of prosecutorial misconduct as well as newly-discovered evidence and the sum and substance of my report's that the level of assistance provided to Mr. Ramirez was, in fact, effective and that there's no way I can meet the threshold required by Strickland[ v. Washington, 466 U.S. 668 (1984)], and so I don't believe he is entitled to counsel for the purpose of pursuing his post-conviction case in order to vacate the conviction."

Counsel then requested that the court permit her to withdraw her appearance on Ramirez's claims of ineffective assistance of counsel. However, counsel asked that she be allowed to represent Ramirez for the sole purpose of filing—admittedly out of time—a motion to reduce sentence in accordance with Rule 35. Over the state's objection, and despite the trial justice's "grave reservation," the court requested that counsel provide further briefing on the court's equitable authority to entertain a Rule 35 motion past the 120-day time period specified in the rule. The trial justice further stated that the court would "accept the findings of [counsel] in the Shatney report," and informed Ramirez that, in order to pursue his claims of ineffective assistance of counsel, he would have to proceed pro se. After this hearing, Ramirez filed an objection to counsel's Shatney report and disputed counsel's assertion that a Rule 35 motion to reduce sentence may be permissible, and requested that the court "appoint him competent counsel to represent his postconviction issues."

On June 22, 2010, counsel submitted a memorandum, citing this Court's opinion in Ballard v. State, 983 A.2d 264 (R.I. 2009), arguing that the Rhode Island Post Conviction Remedy Act, chapter 9.1 of title 10, provides a court with the "ability to vacate the sentence in part or effectively reduce the sentence * * * [with] the only requisite being the interest of justice." On July 7, 2010, the state filed a motion to dismiss Ramirez's application for postconviction relief, as well as an objection to counsel's motion to reduce sentence.

On July 12, 2010, another hearing was held, at which the trial justice denied Ramirez's motion to reduce sentence and allowed counsel to withdraw from the case. The trial justice reserved decision on the state's motion to dismiss and set another hearing date, in order to give Ramirez time to decide whether to proceed pro se, retain private counsel, or withdraw his application for postconviction relief. The hearing on the state's motion to dismiss subsequently was held on October 5, 2010. Ramirez appeared pro se and requested summary judgment based on nine postconviction-relief issues that he read into the record from a prepared statement. After the state addressed each of applicant's contentions, the trial justice asked applicant if he wished to respond; Ramirez declined. In his bench decision, the trial justice noted that the attorney who prepared the Shatney report was appointed "as an independent officer of the [c]ourt to investigate [applicant's] initial allegations." The trial justice continued, stating:

> "And as I told you at the time of her appointment, because a lot of petitioners are under the impression that this person is representing [their] interests, I told you [counsel] is representing the Court to make an independent investigation regarding the allegations that you have raised. Her report, as you know * * * was a negative report."

At the end of the hearing the trial justice denied and dismissed Ramirez's application for postconviction relief, and judgment was entered. Ramirez filed a timely notice of appeal.

**Standard of Review**

Pursuant to chapter 9.1 of title 10, the statutory remedy of postconviction relief is "available to any person who has been convicted of a crime and who thereafter alleges either that the conviction violated the applicant's constitutional rights or that the existence of newly discovered material facts requires vacation of the conviction in the interest of justice." Campbell v. State, 56 A.3d 448, 453 (R.I. 2012) (quoting Sosa v. State, 949 A.2d 1014, 1016 (R.I. 2008)). When faced with the grant or denial of postconviction relief, "[t]his Court will not disturb a trial

- 4 -

justice's factual findings made on an application for post-conviction relief absent clear error or a showing that the trial justice overlooked or misconceived material evidence in arriving at those findings." Young v. State, 877 A.2d 625, 628 (R.I. 2005) (quoting Bustamante v. Wall, 866 A.2d 516, 522 (R.I. 2005)). However, we review "questions of fact concerning infringement of constitutional rights, and mixed questions of law and fact with constitutional implications, de novo." Campbell, 56 A.3d at 454.

**Discussion**

On appeal, Ramirez argues that the trial justice did not follow the appropriate procedure mandated by Shatney, a contention that is not disputed by the state. Specifically, Ramirez claims that the trial justice did not place on the record an assessment, or findings of fact, regarding whether counsel's conclusions were justified. Ramirez also contends that the trial justice erred by allowing counsel to withdraw after accepting the Shatney report, and claims that he was entitled to be heard on the merits of the report while represented by counsel. Finally, Ramirez argues that he was entitled to have his Rule 35 motion for reduction of sentence considered, and claims that the trial justice erred by summarily dismissing the motion as being untimely.

As set forth by this Court in Shatney, an applicant for postconviction relief "has the right to court-appointed assistance of counsel if he or she is indigent, unless a previous application involving the same issue or issues has been finally determined adversely to the applicant."[3] Shatney, 755 A.2d at 135. This mandate derives from Rhode Island's Post Conviction Remedy Act, specifically § 10-9.1-5, which states in part that "[a]n applicant who is indigent shall be entitled to be represented by the public defender. If the public defender is excused from

---

[3] Consequently, "the inquiry into whether an indigent postconviction-relief applicant is entitled to counsel and a hearing should focus, at least in part, on how many applications have been filed." Campbell v. State, 56 A.3d 448, 458 (R.I. 2012).

representing the applicant because of a conflict of interest or is otherwise unable to provide representation, the court shall assign counsel to represent the applicant." Once counsel has been appointed to represent an indigent applicant, "[t]he hallmarks of a meaningful attorney-client relationship thus arise, including zealous advocacy and the protection of the applicant's confidences." Campbell, 56 A.3d at 454-55. Accordingly, "[t]he point in time at which a trial court may determine that a * * * petitioner's claims are frivolous or meritless is _after_ the petitioner has been afforded a full, fair, and counselled opportunity to present those claims." Shatney, 755 A.2d at 135 (quoting Commonwealth v. Harris, 553 A.2d 428, 433 (Pa. Super. Ct. 1989)).

This Court has clarified that "[n]either Shatney nor its progeny contemplates the appointment of an 'objective' or 'independent' lawyer who does not represent the applicant," and that "[g]enerally, Shatney considerations should arise after counsel has been appointed in accordance with § 10-9.1-5 and the applicant has been provided with a meaningful discussion with counsel about the issues that may or may not be suitable grounds for postconviction relief." Campbell, 56 A.3d at 456. In Campbell, we explained that "[§] 10-9.1-5 cannot be satisfied with anything less than a meaningful attorney-client relationship between appointed counsel and his or her client." Campbell, 56 A.3d at 455. Accordingly, we now reiterate that a "trial justice's appointment of an 'objective attorney' to make an 'independent evaluation' of the merits of his claim of ineffective assistance of counsel violat[es] § 10-9.1-5." Campbell, 56 A.3d at 457.

In the case at bar, the state concedes that the trial justice did not follow the requisite procedure and that Ramirez was not provided with appointed counsel as required by § 10-9.1-5. Accordingly, we conclude that both the state and Ramirez are correct in their contention that a remand is necessary to provide Ramirez with a meaningful opportunity to present his

postconviction claims in the first instance.  We are not, however, persuaded by the state's argument that Ramirez should not be afforded an opportunity to present his Rule 35 argument in the context of a claim of ineffective assistance of counsel because, the state contends, the trial justice decided that issue.  Although the filing of a Rule 35 motion is time-barred, we are of the opinion that Ramirez should have the opportunity to present—while represented by counsel—whatever claims may be available to him in this, his first application for postconviction relief, including that he was deprived of the assistance of counsel at the Rule 35 stage, after this Court affirmed his conviction.

## Conclusion

For the reasons articulated above, we vacate the judgment and remand the case to the Superior Court with directions to appoint counsel to Ramirez in accordance with § 10-9.1-5 for investigation and, if appropriate, litigation of the applicant's allegations.  The papers in this case may be remanded to the Superior Court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**      Ricardo Ramirez v. State of Rhode Island.

**CASE NO:**      No. 2012-227-Appeal.
(PM 09-2330)

**COURT:**      Supreme Court

**DATE OPINION FILED:**   May 9, 2014

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**      Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Francis J. Darigan, Jr.

**ATTORNEYS ON APPEAL:**

For Applicant:  C. Daniel Schrock, Esq.

For Defendant:  Jeanine P. McConaghy, Esq.