Supreme Court
No. 2012-216-Appeal.

Robert Chiellini          :

v.                        :

State of Rhode Island.     :

**O R D E R**

The applicant, Robert Chiellini, appeals from an October 10, 2003 judgment of the Superior Court denying his application for postconviction relief. In 1997, applicant was convicted of first-degree murder, in violation of G.L. 1956 § 11-23-1. He was sentenced to a term of life imprisonment, with an additional ten years to serve pursuant to the habitual offender statute, G.L. 1956 § 12-19-21. This Court affirmed the judgment of conviction in 2000. State v. Chiellini, 762 A.2d 450 (R.I. 2000).

On April 5, 2001, following this Court's affirmance of his conviction, applicant filed a pro se application for postconviction relief pursuant to G.L. 1956 § 10-9.1-1. In that application, he argued that, as a result of what he contended was the ineffective assistance of his trial counsel and prosecutorial misconduct, his constitutional rights had been violated.

On April 8, 2002, applicant's court-appointed attorney moved to withdraw as attorney of record; in support of that motion, he filed a "no-merit" memorandum pursuant to Shatney v. State, 755 A.2d 130, 135 (R.I. 2000). According to the attorney's Shatney memorandum, applicant's claims for postconviction relief were based on the following: (1) that, according to

applicant, the justice who presided at applicant's bail hearing found that "the case presented by the State constituted a second degree murder and should be resolved through a plea and [a] sentence of twenty-five years to serve;" and (2) that a witness statement (missing from the record) indicating that the victim "was breathing on her own" when she arrived at the hospital could have been used to show that applicant was not "legally responsible if the emergency room physician had caused [the victim's] death * * * ." The attorney then set forth the reasons for his conclusion that, after meeting with applicant and after reviewing "the trial transcript and the appellate proceedings," there was no merit to applicant's claims. A hearing was held before a justice of the Superior Court on the attorney's motion to withdraw, which hearing applicant attended. The attorney's motion to withdraw was granted, and applicant proceeded pro se on his application for postconviction relief.

The applicant was thereafter afforded two additional hearings (one on February 27 and the other on March 25, 2003) before a different justice of the Superior Court.[1] At the February 27, 2003 hearing, the hearing justice provided applicant with the opportunity to augment the record, but applicant did not proffer any additional evidence in support of his claims. At the March 25, 2003 hearing, applicant contended for the first time that he had been deprived of the effective assistance of counsel because his trial attorney failed to inform him of a plea bargain (viz., forty-five years to serve in exchange for a guilty plea) offered by the state prior to trial; in support of that contention, applicant submitted, among other things, a transcript of a pretrial evidentiary hearing held on November 12, 1997. The hearing justice then proceeded to read the transcript line-by-line with applicant, focusing particularly on the portions referred to by

---

[1]     Due to the death of the justice who was initially assigned to applicant's case, the case was assigned to another justice of the Superior Court, who presided at both of the subsequent hearings.

applicant.  However, the hearing justice found that there was nothing in that transcript to support applicant's contention relative to a proposed plea bargain.  At the conclusion of the March 25, 2003 hearing, applicant stated that he did not have any additional evidence to submit in support of his claims for postconviction relief.  Subsequently, on June 16, 2003, with the permission of the court, applicant filed a supplemental memorandum in support of his application.

On October 10, 2003, the hearing justice issued an order denying applicant's application for postconviction relief.  In rendering his decision, the hearing justice concluded as follows:

> "[The applicant] has offered no new relevant evidence.  Nor has he offered any significant new legal arguments not previously considered and rejected as meritless by his post conviction [sic] attorney.  [The applicant] has utterly failed to show that errors of the lawyers who represented him during the underlying trial proceedings were so serious as to violate his constitutional right to counsel and that his lawyers' performance[s] were so deficient as to prejudice his defense." (Internal quotation marks and original brackets omitted.)

The applicant filed a timely appeal to this Court.

The statutory remedy of postconviction relief, as set forth in § 10-9.1-1, is "available to any person who has been convicted of a crime and who thereafter alleges either that the conviction violated the applicant's constitutional rights or that the existence of newly discovered material facts requires vacation of the conviction in the interests of justice." Lynch v. State, 86 A.3d 390, 391 (R.I. 2014) (mem.) (internal quotation marks omitted).  An applicant seeking postconviction relief bears "[t]he burden of proving, by a preponderance of the evidence, that such relief is warranted in his or her case." Brown v. State, 32 A.3d 901, 907 (R.I. 2011) (internal quotation marks omitted).  In reviewing a denial of postconviction relief, we are deferential to the hearing justice's findings of fact, and we "will not disturb his or her ruling

absent clear error or a showing that the [hearing] justice overlooked or misconceived material evidence." Tassone v. State, 42 A.3d 1277, 1283 (R.I. 2012) (internal quotation marks omitted).

In the applicant's written submission to this Court, he has summarized the procedural posture of the case and his arguments before the Superior Court, but he has failed to indicate the precise issues that he is challenging on appeal. It is well-settled that a "mere passing reference to an argument * * * , without meaningful elaboration, will not suffice to merit appellate review." State v. Day, 925 A.2d 962, 974 n. 19 (R.I. 2007); see DeAngelis v. DeAngelis, 923 A.2d 1274, 1282 n. 11 (R.I. 2007) ("Simply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue.") (internal quotation marks omitted). It was contended at oral argument before this Court that the hearing justice, in denying the application for postconviction relief, adopted the conclusions set forth in the Shatney memorandum without reconsidering the applicant's claims in light of the additional evidence that the applicant had presented after the applicant's court-appointed attorney's motion to withdraw was granted. However, as we have previously stated, "this Court will deem as waived issues that the appellant fails to brief, despite being addressed at oral argument;" accordingly, we hold that the applicant's contentions in his written submission to this Court and at oral argument have been waived. Rice v. State, 38 A.3d 9, 16 n. 10 (R.I. 2012). And, in any event, the contention articulated at oral argument is clearly meritless in view of what transpired at the hearing on March 25, 2003.

We perceive no basis in the record for concluding that the hearing justice clearly erred or overlooked or misconceived material evidence in denying the applicant's postconviction relief

application.  <u>See</u> <u>Tassone</u>, 42 A.3d at 1283.  Accordingly, we affirm the judgment of the Superior Court.

Entered as an Order of this Court this 20th day of **June***, 2014.*

By Order,

_____/s/_____
Clerk



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**     Robert Chiellini v. State of Rhode Island.

**CASE NO:**     No. 2012-216-Appeal.
(PM 01-1761)

**COURT:**     Supreme Court

**DATE ORDER FILED:**     June 20, 2014

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     N/A – Court Order

**JUDGE FROM LOWER COURT**:

Associate Justice Edwin J. Gale

**ATTORNEYS ON APPEAL:**

For Applicant:  Susan B. Iannitelli, Esq.

For State:   Jeanine P. McConaghy
Department of Attorney General