**Jose DeJESUS**

v.

**STATE of Rhode Island.**

**No. 2014–30–APPEAL.**

Supreme Court of Rhode Island.

June 5, 2015.

Michael S. Pezzulo, Esq.

Virginia M. McGinn, Department of Attorney General.

## ORDER

The applicant, Jose DeJesus, appeals from the denial of his application for postconviction relief. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this order, we vacate the judgment of the Superior Court and remand the matter for a hearing on DeJesus's application for postconviction relief.

After a jury trial in Superior Court, DeJesus was convicted of murder, first-degree robbery, discharging a firearm during the commission of a crime of violence with death resulting, carrying a pistol without a license, and possessing a firearm after a previous conviction for a crime of violence. He was sentenced to two terms of life imprisonment to run concurrently, a third term of life imprisonment to be served consecutively, and two concurrent ten-year terms. This Court affirmed DeJesus's convictions on appeal. *State v. DeJesus*, 947 A.2d 873, 886 (R.I.2008).

On August 1, 2008, DeJesus filed a *pro se* application for postconviction relief, as well as a motion to appoint counsel. Appointed counsel entered an appearance on September 23, 2008; on April 20, 2009, appointed counsel filed a motion to withdraw and a supporting memorandum pursuant to *Shatney v. State*, 755 A.2d 130, 135 (R.I.2000). A short hearing was conducted on June 8, 2009, during which the hearing justice granted appointed counsel's motion to withdraw and then denied DeJesus's application for postconviction relief.

The travel of this case is somewhat complicated by the fact that judgment did not enter until April 2, 2010. On July 1, 2009, nearly one month after the June 8, 2009 hearing, DeJesus filed *pro se* a motion captioned "motion to decide this matter on briefs and forgo oral arguments," together with a memorandum in support of his application for postconviction relief. The hearing justice acknowledged receipt of the memorandum in an "order denying and dismissing application for post convicted [*sic*] relief," but stated that the memorandum "simply echoes the contentions that were previously addressed by [appointed counsel], which he, as well as this [c]ourt, found to be without merit." It is clear to us, however, that DeJesus's application was denied at the June 8, 2009 hearing, which was before he had filed his motion to have the application decided "on briefs." [1]

On appeal, DeJesus raises two issues: (1) ineffective assistance of counsel for failure to call two witnesses to testify on his behalf and for not investigating facts

---

1. We note that the Attorney General never filed a response to DeJesus's motion.

deemed pertinent to his defense; and (2) error by the trial justice in denying his Sixth Amendment right to confront witnesses against him with respect to a recorded statement that was played to the jury. As the hearing justice ruled at the June 8, 2009 hearing, the Confrontation Clause challenge to the recorded statement was addressed by this Court on direct appeal and is therefore procedurally barred by the doctrine of *res judicata.* *See DeJesus,* 947 A.2d at 882–83. We affirm the hearing justice's ruling in that regard.

With respect to DeJesus's contention of ineffective assistance of counsel, however, the record reveals that he was not given a meaningful opportunity to present his claims. Moreover, the hearing justice's factual findings appear to be predicated upon appointed counsel's no-merit memorandum, rather than upon the trial transcript or any evidence adduced at the postconviction-relief hearing. Accordingly, and on the record before us, we vacate the judgment and remand this case to the Superior Court for an evidentiary hearing and findings of fact regarding DeJesus's claim of ineffective assistance of counsel.