Chief Justice Suttell, concurring in part and dissenting in part.
 

 Although I concur with the majority's holding to vacate the judgment of the Superior Court, I respectfully dissent from its mandate to remand the case to the Superior Court with instructions that it in turn remand the case to the Parole Board to conduct a new parole-revocation hearing. In my view, the decision to hold a new parole hearing is, at best, premature at this juncture. Significantly, this Court has not been provided with a record of the proceedings before the Parole Board.
 

 Moreover, the Board's discretion was severely constricted under the circumstances of this case. Mr. Jefferson's conviction of aggravated assault in Pennsylvania conclusively establishes the fact that he indeed violated the conditions of his parole. Under the provisions of G.L. 1956 § 13-8-14(b), the conviction automatically triggers his parole revocation and precludes his eligibility for future parole. The only statutory question that must be resolved is whether the Pennsylvania conviction constitutes "a crime of violence as defined in § 11-47-2 [.]" Section 13-8-14(b). The ultimate resolution of that issue is a question of law properly cognizable in the Superior Court in the context of a petition for postconviction relief. So too must any constitutional question be resolved by the courts, not by the Parole Board.
 

 I join my dissenting colleague, however, in her assessment that Jefferson was ignominiously "Shatneyed." In the interest of justice, therefore, I would vacate the judgment denying Jefferson's application for postconviction relief and remand the case to the Superior Court for a new hearing with appointed counsel. I further endorse my dissenting colleague's elegy for the procedures this Court adopted in
 
 Shatney v. State
 
 ,
 
 755 A.2d 130
 
 (R.I. 2000).