November 27, 2018

**Supreme Court**

No. 2016-117-A.
(PM 08-401)

Ricardo Hernandez    :

v.       :

State of Rhode Island.   :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Ricardo Hernandez        :

v.           :

State of Rhode Island.      :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.**  Ricardo Hernandez appeals from a judgment of the Superior Court denying and dismissing his application for postconviction relief.[1]  This case came before this Court for oral argument on October 2, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed on behalf of the parties, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time without further briefing or argument.  For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

---

[1] We note that G.L. 1956 § 10-9.1-9 was amended in 2015, and now requires an aggrieved party to file a petition for certiorari to review the denial of an application for postconviction relief. *See* P.L. 2015, ch. 91, § 1; P.L. 2015, ch. 92, § 1.  Hernandez's notice of appeal was filed on April 29, 2010, before this amendment took effect, and therefore his appeal is proper.

# I

## Facts and Travel

In 1998, a justice of the Superior Court sentenced Hernandez to sixty-three years to serve at the Adult Correctional Institutions after a jury found him guilty, in three consolidated criminal cases, of first degree sexual assault, two counts of second degree sexual assault, assault with intent to commit murder, assault with intent to commit robbery, unlawful possession of a firearm by a felon, and assault with a device similar to a firearm. He appealed to this Court, and we affirmed the conviction.[2] Ten years later, in January 2008, Hernandez filed an application for postconviction relief, in accordance with G.L. 1956 chapter 9.1 of title 10. A justice of the Superior Court appointed counsel to represent Hernandez. After a thorough examination of Hernandez's claims, postconviction relief counsel opined that the issues that had been raised in Hernandez's application were "wholly frivolous, without merit, and neither supported by existing law, nor by a good faith argument for the extension, modification, or reversal of existing law." Counsel further determined that "no other non-frivolous issues or arguments exist which might arguably support plaintiff's Petition[,]" and that "trial counsel's performance was neither deficient, prejudicial, nor ineffective." Consequently, and in accordance with the mandate set forth in *Shatney v. State*, 755 A.2d 130 (R.I. 2000), counsel moved to withdraw from the case.

A hearing was held on postconviction relief counsel's motion to withdraw on April 23, 2010. After counsel explained to the hearing justice his basis for concluding that Hernandez's claims for postconviction relief lacked merit, the hearing justice granted his motion. The hearing justice then reviewed Hernandez's claims and said that he agreed with counsel that the claims lacked merit. He informed Hernandez that, if he still wished to pursue his postconviction relief

---

[2] The underlying facts pertinent to Hernandez's conviction can be found in *State v. Hernandez*, 822 A.2d 915 (R.I. 2003).

claims, he would have to do so without court-appointed counsel. After the hearing justice asked Hernandez what he wished to do, Hernandez replied that he continued to believe that he had the right to an attorney to represent him, and that he should not have been charged with attempted murder for using a BB gun during one of the assaults. The hearing justice responded that Hernandez's argument was "wholly and totally without merit[,]" was a matter "set forth to the finders of fact[,]" and was never raised. He denied Hernandez's application for postconviction relief. Final judgment was entered on that same day, and Hernandez timely appealed to this Court.

## II

## Standard of Review

Pursuant to § 10-9.1-1, postconviction relief is a remedy available to "any person who has been convicted of a crime and who thereafter alleges either that the conviction violated the applicant's constitutional rights or that the existence of newly discovered material facts requires vacation of the conviction in the interest of justice." *Duvere v. State*, 151 A.3d 314, 317 (R.I. 2017) (quoting *Lamoureux v. State*, 93 A.3d 958, 961 (R.I. 2014)). An applicant for postconviction relief bears "[t]he burden of proving, by a preponderance of the evidence, that such [postconviction] relief is warranted[.]" *Navarro v. State*, 187 A.3d 317, 325 (R.I. 2018) (quoting *Motyka v. State*, 172 A.3d 1203, 1205 (R.I. 2017)). "This Court will not disturb a [hearing] justice's factual findings made on an application for post[ ]conviction relief absent clear error or a showing that the [hearing] justice overlooked or misconceived material evidence in arriving at those findings." *Id.* (quoting *Chapdelaine v. State*, 32 A.3d 937, 941 (R.I. 2011)).

## Discussion

Before this Court, Hernandez argues that postconviction relief counsel acted as a mere screening agent rather than as his advocate, as required under state law. He also contends that the hearing justice erred when he denied the application without providing Hernandez with notice of his intent to dismiss the action or granting a continuance to allow Hernandez to respond to the proposed dismissal. Moreover, Hernandez alleges that the hearing justice failed to probe the potential existence of genuine issues of material fact.

## A

## Appointment of Counsel

Hernandez argues that postconviction relief counsel acted primarily as a "screening agent" for the Superior Court and not as his advocate. Specifically, Hernandez maintains that the attorney who had been appointed to represent him misconstrued, in his memorandum in support of his motion to withdraw, his role as counsel to conduct an "independent examination" of the merits of the applicant's claim. According to Hernandez, this is contrary to the mandate of § 10-9.1-5.

At the outset, we note that we have held that the right to counsel in a postconviction relief proceeding "is a matter of legislative grace, not constitutional right." *Reyes v. State*, 141 A.3d 644, 658 (R.I. 2016) (quoting *Campbell v. State*, 56 A.3d 448, 454 (R.I. 2012)). "Because the postconviction remedy amounts to a collateral attack on a conviction, the action is civil in nature, for which there is no constitutional right to counsel." *Campbell*, 56 A.3d at 454 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bryant v. Wall*, 896 A.2d 704, 708 (R.I. 2006); *Louro v. State*, 740 A.2d 343, 344 n.1 (R.I. 1999)). Despite that, the General Assembly

has provided that "[a]n applicant who is indigent shall be entitled to be represented by the public defender. If the public defender is excused from representing the applicant because of a conflict of interest or is otherwise unable to provide representation, the court shall assign counsel to represent the applicant." Section 10-9.1-5; *see also Reyes*, 141 A.3d at 649; *Ramirez v. State*, 89 A.3d 836, 839 (R.I. 2014); *Campbell*, 56 A.3d at 454-55. Importantly, neither *Shatney*

> "nor its progeny contemplates the appointment of an objective or independent lawyer who does not represent the applicant, and that [g]enerally, *Shatney* considerations should arise after counsel has been appointed in accordance with § 10-9.1-5 and the applicant has been provided with a meaningful discussion with counsel about the issues that may or may not be suitable grounds for postconviction relief." *Navarro*, 187 A.3d at 328 (quoting *Ramirez*, 89 A.3d at 840).

In this case, postconviction relief counsel was appointed by the hearing justice.[3] There is no question about the thoroughness and diligence of counsel's work—he claimed that he met with Hernandez at least three times at the ACI; reviewed his application for postconviction relief along with supporting documents; reviewed and read the police reports and witness statements from Hernandez's case; researched all the issues raised in Hernandez's application; spoke with pretrial and trial counsel; reviewed the decision from this Court on direct appeal and the briefs filed in that case; and read the pretrial and trial transcripts. Counsel then determined that Hernandez's claims lacked merit and he filed a memorandum to that effect, along with a motion to withdraw, pursuant to *Shatney*.

Critically, however, in that *Shatney* memorandum, counsel described his role as "for a limited entry of appearance under the guidelines established by [the] *Shatney* decision by the Rhode Island Supreme Court to determine if Mr. Hernandez'[s] post conviction is with merit."

---

[3] We note that the record is unclear whether the hearing justice first considered the Public Defender before opting to appoint private counsel to represent Hernandez, an indigent applicant.

This is an incorrect interpretation of counsel's role in representing a postconviction relief applicant. As we have indicated in our prior decisions, counsel's role in representing a postconviction relief applicant is to be an advocate for his or her client. *See Navarro*, 187 A.3d at 328 (postconviction relief counsel properly "described his role as being appointed to represent [applicant] in his postconviction-relief application"); *Reyes*, 141 A.3d at 659 (in recognition of a potential conflict between pressing an applicant's claims that are frivolous and the risk of sanctions under Rule 11 of the Superior Court Rules of Civil Procedure, "we adopted a mechanism in *Shatney* so 'that an attorney * * * *appointed to represent an indigent applicant may withdraw from that representation when it becomes clear, after a reasonable investigation, that some or all of the applicant's claims lack merit*'" (emphasis added) (quoting *Campbell*, 56 A.3d at 455-56)); *Campbell*, 56 A.3d at 456 (citing post-*Shatney* decisions by this Court where counsel had been appointed to represent a postconviction relief applicant, and not as an independent or objective lawyer). It is true that, as the state argues, counsel's deficiency is apparent in but a few lines in an otherwise thorough and comprehensive memorandum. Nonetheless, the description by counsel of his belief as to his role in this case leads to the inevitable conclusion that he was not acting as a zealous advocate, despite the meticulous nature of his work. Therefore, we are constrained to hold that Hernandez was not afforded "a full, fair, and *counselled* opportunity" to present his claims before the hearing justice determined them to be meritless. *See Shatney*, 755 A.2d at 135 (emphasis added) (quoting *Commonwealth v. Harris*, 553 A.2d 428, 433 (Pa. Super. Ct. 1989)).

**B**

**Notice of Dismissal and an Opportunity to be Heard**

Hernandez also argues that he should have been given notice of the hearing justice's intent to dismiss his application or a continuance to provide him with the opportunity to respond to the proposed dismissal. Section 10-9.1-6(b) states the following:

> "When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a genuine issue of material fact."

As this Court has recognized, § 10-9.1-6(b) "permits a trial justice to dismiss an application whenever, based upon the record, the application, and the answer, he finds that no genuine issue of material fact exists and the applicant is therefore not entitled to relief as a matter of law." *Palmigiano v. State*, 120 R.I. 402, 404, 387 A.2d 1382, 1384 (1978). "Dismissal under § 10-9.1-6(b) is akin to a dismissal under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure and is subject to the same standard." *Reyes*, 141 A.3d at 652.

This Court has held that "a hearing justice is not obligated to conduct an evidentiary hearing in connection with an application for postconviction relief if there exists no genuine issue of material fact; however, the hearing justice must give the applicant an opportunity to reply to the hearing justice's proposed dismissal of the application." *Perez v. State*, 57 A.3d 677, 681 (R.I. 2013); *see also Shatney*, 755 A.2d at 135 ("The point in time at which a trial court may determine that a * * * petitioner's claims are frivolous or meritless is *after* the petitioner has been

afforded a full, fair, and counselled opportunity to present those claims.") (quoting *Harris*, 553 A.2d at 433).

In our opinion, Hernandez was not provided with an opportunity to reply to the hearing justice's proposed dismissal of his application for postconviction relief. After the hearing justice granted counsel's motion to withdraw, he afforded Hernandez the option to pursue his claims *pro se*, but forewarned him that he had determined that his claims were meritless.[4] After that preface, the hearing justice gave Hernandez an opportunity to respond as to whether he wished to continue to pursue his claims, to which Hernandez stated that he believed that it was "ludicrous" that he could be convicted of assault with the intent to commit murder when the weapon that he had used was a BB gun. After hearing this, the hearing justice stated that his claim was without merit, and summarily denied his application for postconviction relief.

By way of contrast, the hearing justice in *Perez*—after granting counsel's motion to withdraw pursuant to *Shatney*—informed the applicant that the issues he had raised in his application had no merit. *Perez*, 57 A.3d at 681. Nonetheless, the hearing justice "generously allowed [the applicant] to file another memorandum if he wished to further pursue the matter[,]" cautioning the applicant that if he did not file a memorandum within ten days, his application would summarily be rejected. *Id.* Further, despite this admonition, the hearing justice granted a motion for an extension of time, giving the applicant almost an additional month to file the supplemental memorandum. *Id.* When the applicant still failed to file the memorandum by that time, the hearing justice provided an additional month after that extended deadline before

---

[4] Before he asked Hernandez what he wished to do, the hearing justice first said, "I can tell you that the laundry list of claims that you make are meritous [*sic*]." After combing through each of Hernandez's claims, the hearing justice continued, "Mr. Hernandez, if you want to pursue this thing alone, you can do so. But it is my intention, I'm giving you forewarning right now, I agree with the claims that have been set forth in the *Shatney* brief and the comments set forth a few minutes ago."

- 8 -

entering an order denying and dismissing the application. *Id.* We held that the hearing justice had afforded the applicant an opportunity to respond to the proposed dismissal of his application for postconviction relief. *Id.* at 682; *see also Reyes*, 141 A.3d at 650-51 (hearing justice—proposing to dismiss application after granting counsel's motion to withdraw—gave applicant approximately six weeks to submit a supplemental memorandum outlining why he was entitled to postconviction relief and also provided him with an opportunity to be heard again at the hearing on the state's motion for summary dismissal of his application).

Although we have not drawn a bright line between what constitutes an opportunity to respond and what does not, our case law has stated that the opportunity to respond must be "meaningful[,]" regardless of the merits of the application. *See Campbell*, 56 A.3d at 457; *Harris v. State*, 973 A.2d 618, 619 (R.I. 2009) (mem.); *Mattatall v. State*, 966 A.2d 125, 126 (R.I. 2009) (mem.); *Ramirez v. State*, 933 A.2d 1110, 1112 n.4 (R.I. 2007). The following exchange occurred during the hearing on counsel's motion to withdraw in the present case:

> "THE COURT: * * * I am obliged to give you the opportunity if you choose to pursue this on your own.
>
> "What is your pleasure, sir? What do you want to do?
>
> "THE DEFENDANT: I still feel that I have the right for an attorney to represent me. I feel that I still have a case for post conviction. And, Judge, I feel that I was—you know, the lawyer did not do a good job in investigating my case. The fact that I was charged with attempted murder with a BB gun should have been anything—should have been something of assault with a dangerous weapon instead of attempted murder. I have never heard of a case where a person died as a result of a person getting shot by a BB gun. That's ludicrous within itself. So, I mean, anybody that would say I don't have a case, that's ludicrous.
>
> "THE COURT: Is that what you wish to persue [*sic*], the charge was ludicrous, and that's your claim now? That's what's left, that this was a ludicrous charge and you should not have been prosecuted under that charge?

"THE DEFENDANT:  Exactly, your Honor.

"THE COURT:  And that's what you now argue to me?

"THE DEFENDANT: Yes, sir.

"THE COURT: That argument is wholly and totally without merit. That was a matter that was set forth to the finders of fact, and it was a charge brought by the Attorney General's office and presented in full fashion to the jury, with full instructions through your attorney, who had an opportunity to appeal that in a direct fashion.  It was never raised.  And to the extent now you claim that it is a trumped up charge of some sort is a meritous [*sic*] argument, and I deny your application for Post Conviction Relief."

It is our opinion that, after counsel's motion to withdraw was granted, the hearing justice did not provide Hernandez with an opportunity, at the very least, to file additional memoranda or to present an argument.  For this reason, we find that Hernandez was not provided a meaningful opportunity to respond to the hearing justice's proposed dismissal of the application.[5]

## IV

## Conclusion

For the reasons set forth in this opinion, we vacate the judgment.  Because the applicant was not afforded counsel in accordance with *Shatney*, we direct that counsel be appointed in accordance with § 10-9.1-5 and our holdings in *Shatney* and its progeny.  The papers in this case are remanded to the Superior Court.

---

[5] Because we vacate the judgment on these grounds, we need not, and do not, reach Hernandez's argument regarding the failure to probe the potential existence of genuine issues of material fact.

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Ricardo Hernandez v. State of Rhode Island. |
| **Case Number** | No. 2016-117-A. (PM 08-401) |
| **Date Opinion Filed** | November 27, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Robert D. Krause |
| **Attorney(s) on Appeal** | For Petitioner: <br><br> William T. Murphy, Esq. <br><br> For State of Rhode Island: <br><br> Christopher R. Bush <br> Department of Attorney General |